IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARWAN H. HANDSOME,

        Petitioner,

v.                                                           Civil Action No. 5:11CV154
                                                               (Judge Stamp)

KUMA DEBOO,

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On October 31, 2011, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. On November 30, 2011, Respondent filed a Motion to Dismiss or for Summary Judgment and Response to Order to Show Cause. On January 18, 2012, Respondent filed a Supplemental Response to Order to Show Cause.

### II. FACTS

Petitioner filed the instant petition alleged that the Federal Bureau of Prisons miscalculated his prison sentence by failing to provide him with 316 days of jail credit and that the Federal Bureau of Prisons failed to consider his request for a nunc pro tunc designation. In Respondent's Motion to Dismiss or for Summary Judgment and Response to Order to Show cause, she informed the Court that the Bureau of Prisons submitted a nunc pro tunc request to Petitioner's sentencing judge but that it would have to wait sixty days for a response from the sentencing court before making a determination on the request for a nunc pro tunc designation. However, on January 18, 2012, Respondent informed this Court, in her Supplemental Response to Order to Show Cause, that the Bureau of Prisons granted Petitioner a retroactive designation and his sentence computation had been updated to reflect the award of credit. Petitioner now has a new projected release date of

1

January 23, 2016, with consideration for good conduct time.

### III. ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

Here, Petitioner has been granted a retroactive designation for time served, and his release date has been updated to January 23, 2016 due to this credit given. Accordingly, Petitioner has already been granted the relief he requested and his petition should therefore be dismissed as moot.

### IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition (Doc. 1) be **DISMISSED AS MOOT**.

Any party who appears *pro se* and any counsel of record, as applicable, may, **on or before February 4, 2012**, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

<u>DATED</u>: January 20, 2012

                                         /s/ James E. Seibert
                                        JAMES E. SEIBERT
                                        UNITED STATES MAGISTRATE JUDGE